WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Trustee, Plaintiff*
156 West 56th Street
New York, New York 10019
Telephone:   (212) 237-1000
Facsimile:   (212) 262-1215

Attorneys appearing:   Alan Nisselson (anisselson@windelsmarx.com)
                       Leslie S. Barr (lbarr@windelsmarx.com)
                       John J. Tepedino (jtepedino@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>BIG APPLE VOLKSWAGEN, LLC,<br><br>                            Debtor. | Chapter 11<br><br>Case No. 11-11388 (JMP) |
| ALAN NISSELSON, Chapter 11 Trustee of BIG APPLE VOLKSWAGEN, LLC,<br><br>                            Plaintiff,<br><br>-against-<br><br>RATIBA SALIM and WAHID SALEEM,<br><br>                            Defendants. | Adv. Proc. No. 11-_____<br>(JMP) |

## COMPLAINT

Alan Nisselson ("**Plaintiff**"), as Trustee for the chapter 11 estate of Big Apple Volkswagen, LLC (the "**Debtor**"), by his counsel, Windels Marx Lane & Mittendorf, LLP, for his complaint against Ratiba Salim and Wahid Saleem ("**Defendants**"), alleges:

### NATURE OF THE ACTION

1.  This action (the "**Adversary Proceeding**") arises out of the Debtor's pre-petition transfer to Defendant Ratiba Salim of $718,000.00 (the "**Transfer**") and Ratiba Salim's

subsequent transfer to Defendant Wahid Saleem of property freed from a mortgage obligation through use of the Debtor's funds (the "**Subsequent Transfer**").

2. By this action, Plaintiff seeks to avoid the Transfer and Subsequent Transfer and preserve and recover property for the benefit of the Debtor's estate. In addition, Plaintiff seeks an order of attachment of the property that was subject of the Subsequent Transfer pending judgment or other disposition of this Adversary Proceeding.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). The claims for relief set forth herein concern (a) the avoidance and recovery of transferred property pursuant to sections 105, 544(b), 547(b), 548(a), 550(a) and 551 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270 *et seq.* (McKinney 2001) ("**DCL**")), and (b) the preservation of property to secure a money judgment against the Defendants pursuant to New York Civil Practice Law and Rules ("**CPLR**") Article 62 and Federal Rule of Civil Procedure 64, made applicable by Federal Rule of Bankruptcy Procedure 7064, and, as such, constitute a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue of this case and this Adversary Proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

5. Plaintiff is the duly appointed trustee for the Debtor's chapter 11 estate.

6. Defendant Ratiba Salim is a natural person having an address at 8529 65th

Road, Rego Park, New York 11374 (the "**Premises**"). Defendant Ratiba Salim is the mother of Julian Salim, the President, Managing Member and majority owner of the Debtor at all times relevant to the facts at issue in this Adversary Proceeding, and is therefore an "insider" as that term is defined in Bankruptcy Code § 101(31).

7. Defendant Wahid Saleem is a natural person having an address at the Premises. Upon information and belief, Defendant Wahid Saleem is a relative of Defendant Ratiba Salim.

## PROCEDURAL HISTORY

8. On March 30, 2011 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed at this time.

9. By Order dated May 11, 2011, the Court directed the appointment of a Chapter 11 Trustee. (Dkt. No. 58).

10. On May 12, 2011, the U.S. Trustee for Region 2 filed a Notice appointing Plaintiff as Chapter 11 Trustee. (Dkt. No. 59).

11. By Order dated May 12, 2011, the Court approved the appointment of Plaintiff as Trustee. (Dkt. No. 61).

## THE TRANSFERS

12. On March 14, 2011, just two weeks before the Petition Date, a counter withdrawal of $718,000.00 was made from the Debtor's Wachovia commercial checking account. *See* Ex. A.

13. The Debtor has acknowledged that the withdrawn funds were paid by Julian Salim to Defendant Ratiba Salim and that a March 2011 transfer of $781,000.00 listed under

-3-

"Payments to creditors" in the Debtor's Statement of Financial Affairs refers to the same payment. (Dkt. No. 67 at 7-15). The Debtor has described the Transfer as being in satisfaction of an unsecured loan. *Id*.

14. On March 23, 2011, Defendant Ratiba Salim satisfied a $300,000.00 mortgage on the Premises, her primary residence. *See* Ex. B. On information and belief, this payment was made using funds from the Transfer.

15. On May 5, 2011, Defendant Ratiba Salim transferred title to the Premises to Defendant Wahid Saleem for ten dollars in consideration. *See* Ex. C. This Subsequent Transfer occurred a mere two days after a hearing attended by Julian Salim at which the Court ordered the appointment of a Chapter 11 Trustee based on Mr. Salim's "clearly inappropriate transactions" and the Debtor's counsel openly contemplated whether the pre-petition transfers made by Mr. Salim were preferential or fraudulent. (Dkt. No. 67 at 20, 26).

16. On March 15, 2011, the very next day after the $718,000.00 withdrawal described above, $504,271.14 was electronically transferred from the Debtor's Wachovia commercial checking account (the "**Second Transfer**"). *See* Ex. A. The Debtor has acknowledged that these funds were transferred by Julian Salim to his brother-in-law in Syria and described the transfer as "an investment." (Dkt. No. 67 at 7-15). The Second Transfer appears nowhere in the Debtor's Statement of Financial Affairs. (Dkt. No. 55).

17. In sum, in the three weeks prior to the Petition Date, Julian Salim transferred at least $1.2 million from the Debtor to members of his family.

18. The Trustee's investigation is ongoing and the Trustee reserves the right to (i) supplement the information regarding the Transfer, Subsequent Transfer, Second Transfer and any additional transfers and (ii) seek recovery of additional transfers.

## FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Preferential Transfer
Under Bankruptcy Code §§ 547(b), 550(a) and 551**

19. To the extent applicable, the Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

20. The Transfer was made on or within one year before the Petition Date to an insider of the Debtor.

21. The Debtor made the Transfer from property of the estate.

22. The Debtor made the Transfer on account of an antecedent debt owed by it to Defendant Ratiba Salim.

23. The Transfer enabled Defendant Ratiba Salim to receive more than she would receive as a distribution in this case had such Transfer not been made.

24. The Transfer was made while the Debtor was insolvent.

25. As a result of the foregoing, pursuant to sections 547(b), 550(a), and 551 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against Defendant Ratiba Salim: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate.

## SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Fraudulent Transfer
Under Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551**

26. To the extent applicable, the Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

27. The Transfer was made on or within two years before the Petition Date.

28. Upon information and belief, the Transfer was made with actual intent to

hinder, delay or defraud either present or future creditors of the Debtor.

29. As a result of the foregoing, pursuant to sections 548(a)(1)(A), 550(a), and 551 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against Defendant Ratiba Salim: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate.

### THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Fraudulent Transfer
Under Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551**

30. To the extent applicable, the Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

31. The Transfer was made on or within two years before the Petition Date.

32. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

33. At the time of the Transfer, the Debtor was insolvent, or became insolvent as a result of the Transfer.

34. At the time of the Transfer, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small capital.

35. At the time the Debtor made the Transfer, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

36. The Debtor made the Transfer to or for the benefit of an insider.

37. As a result of the foregoing, pursuant to sections 548(a)(1)(B), 550(a), and

551 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against Defendant Ratiba Salim: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate.

## FOURTH CLAIM FOR RELIEF

**Avoidance and Recovery of Fraudulent Transfer
Under New York Debtor and Creditor Law §§ 273, 278 and/or 279,
and Bankruptcy Code §§ 544(b), 550(a) and 551**

38. To the extent applicable, the Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

39. At all times relevant to the Transfer, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code, including without limitation, Ignazio Franciamore and Rosalie Franciamore.

40. The Transfer constituted a conveyance by the Debtor as defined under DCL section 270.

41. The Debtor did not receive fair consideration for the Transfer.

42. The Debtor was insolvent, or became insolvent as a result of the Transfer.

43. As a result of the foregoing, pursuant to DCL sections 273, 278 and/or 279, and sections 544(b), 550(a) and 551 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against Defendant Ratiba Salim: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate.

# FIFTH CLAIM FOR RELIEF

**Avoidance and Recovery of Fraudulent Transfer
Under New York Debtor and Creditor Law §§ 274, 278 and/or 279,
and Bankruptcy Code §§ 544(b), 550(a) and 551**

44. To the extent applicable, the Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

45. At all times relevant to the Transfer, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code, including without limitation, Ignazio Franciamore and Rosalie Franciamore.

46. The Transfer constituted a conveyance by the Debtor as defined under DCL section 270.

47. The Debtor did not receive fair consideration for the Transfer.

48. At the time the Debtor made the Transfer, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in its hands after the Transfer was an unreasonably small capital.

49. As a result of the foregoing, pursuant to DCL sections 274, 278 and/or 279, and sections 544(b), 550(a) and 551 of the Bankruptcy Code the Plaintiff is entitled to a judgment against Defendant Ratiba Salim: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate.

# SIXTH CLAIM FOR RELIEF

**Avoidance and Recovery of Fraudulent Transfer
Under New York Debtor and Creditor Law §§ 275, 278 and/or 279,
and Bankruptcy Code §§ 544(b), 550(a) and 551**

50. To the extent applicable, the Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

51. At all times relevant to the Transfer, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code, including without limitation, Ignazio Franciamore and Rosalie Franciamore.

52. The Transfer constituted a conveyance by the Debtor as defined under DCL section 270.

53. The Debtor did not receive fair consideration for the Transfer.

54. At the time the Debtor made the Transfer, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

55. As a result of the foregoing, pursuant to DCL sections 275, 278 and/or 279, and sections 544(b), 550(a) and 551 of the Bankruptcy Code the Plaintiff is entitled to a judgment against Defendant Ratiba Salim: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate.

## SEVENTH CLAIM FOR RELIEF

**Avoidance and Recovery of Fraudulent Transfer
Under New York Debtor and Creditor Law §§ 276, 276-a, 278 and/or 279
and Bankruptcy Code §§ 544(b), 550(a) and 551**

56. To the extent applicable, the Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

57. At all times relevant to the Transfer, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code, including without limitation, Ignazio Franciamore and Rosalie Franciamore.

58. The Transfer constituted a conveyance by the Debtor as defined under DCL section 270.

59. Upon information and belief, the Transfer was both made and received with actual intent to hinder, delay or defraud either present or future creditors of the Debtor.

60. As a result of the foregoing, pursuant to DCL sections 276, 276-a, 278 and/or 279, and sections 544(b), 550(a) and 551 of the Bankruptcy Code the Plaintiff is entitled to a judgment against Defendant Ratiba Salim: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate, and (d) recovering attorneys' fees.

## EIGHTH CLAIM FOR RELIEF

**Avoidance and Recovery of Subsequent Transfer
Under New York Debtor and Creditor Law §§ 278 and/or 279
and Bankruptcy Code §§ 544(b), 548, 550(a) and 551**

61. To the extent applicable, the Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

62. On information and belief, the Subsequent Transfer was transferred by Defendant Ratiba Salim to the Defendant Wahid Saleem.

63. The Subsequent Transfer was made directly or indirectly to Defendant Wahid Saleem.

64. Defendant Wahid Saleem is an immediate or mediate transferee of the Subsequent Transfer from Defendant Ratiba Salim.

65. As a result of the foregoing, pursuant to DCL sections 278 and/or 279 and sections 544(b), 548(a), 550(a) and 551 of the Bankruptcy Code the Plaintiff is entitled to a judgment against Defendant Wahid Saleem: (a) avoiding and preserving the Subsequent Transfer, (b) directing that the Subsequent Transfer be set aside, and (c) recovering the Subsequent Transfer, or the value thereof, from Defendant Wahid Saleem for the benefit of the Debtor's estate.

### NINTH CLAIM FOR RELIEF

**Attachment of Property
Under New York Civil Practice Law and Rules Article 62,
made applicable by Federal Rule of Civil Procedure 64 and Bankruptcy Rule 7064**

66. To the extent applicable, the Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

67. Under CPLR § 6201, attachment of property is permitted "where the plaintiff has demanded and would be entitled…to a money judgment against one or more defendants" when "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts."

68. As a result of the foregoing, the Plaintiff is entitled to attachment of the Premises.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

   i. On the First Claim for Relief, pursuant to sections 547(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate;

   ii. On the Second Claim for Relief, pursuant to sections 548(a)(1)(A), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate;

   iii. On the Third Claim for Relief, pursuant to sections 548(a)(1)(B), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate;

   iv. On the Fourth Claim for Relief, pursuant to DCL sections 273, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate;

   v. On the Fifth Claim for Relief, pursuant to DCL sections 274, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate;

vi. On the Sixth Claim for Relief, pursuant to DCL sections 275, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate;

vii. On the Seventh Claim for Relief, pursuant to DCL sections 276, 276-a, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, (c) recovering the Transfer, or the value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate, and (d) recovering attorneys' fees;

viii. On the Eighth Claim for Relief, pursuant to DCL sections 278 and/or 279 and sections 544(b), 548(a), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Subsequent Transfer, (b) directing that the Subsequent Transfer be set aside, and (c) recovering the Subsequent Transfer, or the value thereof, from Defendant Wahid Saleem for the benefit of the Debtor's estate;

ix. On the Ninth Claim for Relief, pursuant to CPLR Article 62 and Fed. R. Civ. Proc. 64, made applicable by Bankruptcy Rule 7054, entering an order of attachment of the Premises;

x. On all Claims for Relief, pursuant to federal common law and N.Y. CPLR 5001 and 5004 awarding the Plaintiff prejudgment interest from the date on which the Transfer was received;

xi. On all Claims for Relief, establishment of a constructive trust over the proceeds of the Transfer and Subsequent Transfer in favor of the Plaintiff for the benefit of the Debtor's estate;

xii. granting to the Plaintiff all applicable fees, costs and disbursements of this action;

and

xiii. granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 14, 2011

        WINDELS MARX LANE & MITTENDORF, LLP
        *Attorneys for Alan Nisselson, Trustee, Plaintiff*

By: /s/ Alan Nisselson
    Alan Nisselson (anisselson@windelsmarx.com)
    Leslie S. Barr (lbarr@windelsmarx.com)
    John J. Tepedino (jtepedino@windelsmarx.com)
    156 West 56th Street
    New York, New York 10019
    Telephone: (212) 237-1000
    Facsimile: (212) 262-1215