| | |
|---|---|
| WINDELS MARX LANE & MITTENDORF, LLP<br>156 West 56th Street<br>New York, New York 10019<br>Telephone (212) 237-1000<br>Facsimile (212) 262-1215<br><br>Attorneys Appearing:<br>Alan Nisselson (anisselson@windelsmarx.com)<br>Serena M. Parker (sparker@windelsmarx.com)<br><br>*Attorneys for Alan Nisselson, Trustee, Plaintiff* | Hearing Date: March 11, 2014 @ 10:00 a.m.<br>Defendants' Brief in Opposition Due:<br>February 10, 2014 @ 5:00 p.m. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>BIG APPLE VOLKSWAGEN, LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 11-11388 (JMP) |
| ALAN NISSELSON, Chapter 7 Trustee of<br>BIG APPLE VOLKSWAGEN, LLC,<br><br>                        Plaintiff,<br><br>-against-<br><br>RATIBA SALIM and WAHID SALEEM,<br><br>                        Defendants. | Adv. Proc. No. 11-2251 (JMP) |

**LOCAL BANKRUPTCY RULE 7056-1 STATEMENT**
**OF MATERIAL AND UNDISPUTED FACTS IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

      Alan Nisselson ("Plaintiff" or the "Trustee"), as Trustee for the chapter 7 estate of Big Apple Volkswagen, LLC ("Big Apple" or the "Debtor"), by his counsel, Windels Marx Lane & Mittendorf, LLP, for his Local Bankruptcy Rule 7056-1 Statement in support of his motion for partial summary judgment on judgment (1) determining that the transfers to Defendant Ratiba Salim were preferential as a matter of law; (2) avoiding and preserving the transfers to Defendant Ratiba Salim; (3) directing that such transfers be set aside and recovering the transfers, or the

{10920589:5}

value thereof, from Defendant Ratiba Salim for the benefit of the Debtor's estate; and (4) avoiding and recovering the subsequent transfer to Defendant Wahid Saleem as a subsequent transferee of a property freed from a mortgage by Defendant Ratiba Salim utilizing the Debtor's funds, or the value thereof.

<b><u>MATERIAL FACTS NOT IN DISPUTE</u></b>

**A.      Voluntary Petition and Appointment of Trustee**

1.      On March 30, 2011, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code. 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").   See Affidavit of Alan Nisselson in Support of Plaintiff's Motion for Partial Summary Judgment ("Nisselson Aff.") at ¶ 4 and Exhibit A thereto (Debtor's Voluntary Petition for Relief)

2.      By Order dated May 12, 2011, the Court approved the appointment of Alan Nisselson as trustee for the Chapter 11 estate.  See Nisselson Aff. at ¶ 5 and Exhibit B thereto ("Ex". or "Exs.")(Order Approving Appointment of Chapter 11 Trustee).

**3.**      Upon the motion of the Chapter 11 Trustee and by Order dated December 21, 2011 (the "Conversion Date"), the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code.  See Nisselson Aff. ¶ 6 and Exhibit C.

**B.      The Adversary Proceeding**

4.      On June 14, 2011, the Trustee, through counsel, filed an adversary proceeding (the "Adversary Proceeding") seeking to avoid and recover (i) as fraudulent and preferential, the pre-petition transfer by Julian Salim of at least $718,000.00 from the Debtor's estate to Defendant Ratiba Salim; the mother of Julian Salim, and (ii) her subsequent transfer to Defendant Wahid Saleem, the father of Julian Salim, of her primary residence at 8529 65th

{10920589:5}                                                2

Road, Rego Park, NY 11374 (the "Premises") which was freed of a mortgage through the use of the Debtor's funds. The Adversary Proceeding was brought pursuant to sections 544(b), 547(b), 548(a) and 550(a) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270 et seq. (McKinney 2001) ("DCL")). See Nisselson Aff. at ¶ 14 and Ex. F ("Adversary Complaint").

C.  **Defendant Ratiba Salim Received Transfers of Funds From the Debtors' Accounts**

5. Defendant Ratiba Salim is the mother of Julian Salim, the Managing Member and 54% equity owner of the Debtor. See Nisselson Aff. at ¶ 17 and Exs A and H (Voluntary Petition for Relief at p. 9; Transcript of the May 3, 2011 Hearing on the Motion to Appoint a Chapter 11 Trustee at pp. 7-15).

6. On or about March 16, 2011, a wire transfer in the amount of $495,000 originating from the Debtor's Wachovia bank accounts was credited to Ratiba Salim's Queens County Savings Bank account ending in 337. See Nisselson Aff. at ¶¶ 27-33 and Exs. J, K, L. and M (March1-March 31, 2011 Wachovia Commercial Checking Funding Account ending in 7695 and listing Big Apple Volkswagen LLC as Account Owner; September 27, 2010 –March 21, 2011 Wachovia Commercial Checking-Wholesale Slush Account ending in 8157 and listing Big Apple Volkswagen as Account Owner; March 16, 2011 Wire Transfer Services Outgoing Wire Transfer Request; March 25, 2011 Queens County Savings Bank Account Statement of Defendant Ratiba Salim).

7. On or about March 16, 2011, a cashier's check drawn on the Debtor's Wells Fargo bank account ending in 8157 was deposited into Defendant Ratiba Salim's Queens County Savings Bank account. See Nisselson Aff, at ¶¶ 34-38 and Exs. K, O, M and P.

{10920589:5}                                                        3

8. Each of the transfers identified above were received within less than two weeks of the Petition Date. See Nisselson Aff, Ex. M (reflecting receipt of wire transfer and deposit of Cashier's Check on March 16, 2011, 14 days prior to the Petition Date).

9. Based on the foregoing, at least $705,000 of the Debtor's funds were transferred to Defendant Ratiba Salim. See Nisselson Aff. at ¶ 38.

D. **By Admission of Both Defendant and the Debtor, The Transfers Were Made to Defendant Ratiba Salim As a Creditor and in Payment of An Antecedent Debt**

10. By Defendant's own admissions in this matter, the transfers identified were made to her as a creditor and in payment of an antecedent debt. See Nisselson Aff. at ¶ 43-43-55 and Exs. R, Q, I, N and S (Letter Agreement between Big Apple VW, LLC, Julian Salim and Ratiba Salim dated June 1, 2006; Excerpts from Deposition Transcript of Ratiba Salim at 17 (confirming her signature on the Letter Agreement); Excerpts from Deposition Transcript of Ratiba Salim at 16-20 (admitting that she took out a mortgage to facilitate a loan to Julian Salim; Debtor's Statement of Financial Affairs; Excerpts from the Ocotber 4, 2010 Deposition Transcript of Julian Salim; Excerpts from the October 10, 2013 Deposition Transcript of Grzegorz Samborski).

11. The payments made to Defendant Ratiba Salim were identified on the list of "Payments to Creditor" in the Debtor's Statement of Financial Affairs. See Nisselson Aff., Ex. I (Statement of Financial Affairs) at p. 2.

E. **The Loan Made By Ratiba Salim Was Not Secured**

12. The Letter Agreement did not grant or purport to grant Defendant Ratiba Salim a security interest in any of the Debtor's property. See Nisselson Aff. at ¶¶ 56 and Ex R (Letter Agreement Letter Agreement between Big Apple VW, LLC, Julian Salim and Ratiba Salim dated June 1, 2006).

{10920589:5}                                               4

13. Defendants have only produced a copy of a New York UCC-1 Filing Statement (Form UCC-1) in support of Ratiba Salim's alleged status as a secured creditor. See Nisselson Aff. ¶ 57 and Exhibit T ( Defendant's New York UCC-1 Filing Statement).

14. Notably, the New York UCC-1 Filing Statement shows an initial Filing Date of January 28, 2008, nearly two years after the alleged loan from Defendant Ratiba Salim. See Nisselson Aff.¶ 58 and Ex. T (Defendant's New York UCC-1 Filing Statement).

15. Defendants have not produced a security agreement, or any other document, that could be construed to, to provide Defendant Ratiba Salim an attached security interest in the Debtor's collateral. See Nisselson Aff. ¶59.

16. Defendant Ratiba Salim was not identified as secured creditor in the Debtor's schedules. See Nisselson Aff.¶ 60 and Ex. A (Debtor's Voluntary Petition for Relief under Chapter 11 at Schedule D).

**F.    The Transfers Enabled Defendant Ratiba Salim to Receive More Than She Would Have Received Through a Hypothetical Chapter 7 Liquidation**

17. VCI holds valid claims secured by a valid and perfected first priority lien on the Debtor's assets. See Nisselson Aff. ¶ 61-66 and Ex. U (Stipulation and Order Allowing Claims and Liens of Volkswagen Credit, Inc, dated December 20, 2011).

18. As a result of the foregoing, unsecured creditors are not expected to receive a 100% dividend in the Debtor's case, because, after administrative expenses, the balance of the estate remains subject to the secured claim of VCI. The amount currently owed to VCI is $1,146,506.96, and currently exceeds the Debtor's assets. See Nisselson Aff. at ¶ 66.

**G.     Defendant Ratiba Salim Utilized $335,000 of the Debtor's
`       Funds to Satisfy the Mortgage on the Premises**

Defendant Ratiba Salim utilized approximately $335,000 of the Debtors Funds to satisfy a mortgage on the Premises.  See Nisselson Aff. at ¶¶ 66-69 and Ex. M (Ratiba Salim's Queens County Savings Bank Account Statement; Satisfaction of Mortgage).

**H.     Defendant Ratiba Salim Transferred The Premises to
        Defendant Wahid Saleem for Ten Dollars in Consideration**

On May 5, 2011, Defendant transferred title to the Premises to Defendant Wahid Saleem, residing at the same address, for ten dollars in consideration (the "Subsequent Transfer").  See Nisselson Aff. at ¶ 70 -74 and Ex. W (Deed dated May 5, 2011).

Although the Deed recites that the Defendant Wahid Salim provided ten dollars in consideration for the transfer, no substantiation of the consideration exchanged has been provided to the Trustee, despite Plaintiff's document request seeking "[a]ll Dcuments concerning the transfer of title to the real property located at 8529 65th Road, Rego Park, New York 11374 from Defendant Ratiba Salim to Defendant Wahid Saleem."   See Nisselson Aff at ¶ 71 and Ex. Y  (Plaintiff's First Requests for Production of Documents).

Dated:  New York, New York              WINDELS MARX LANE & MITTENDORF, LLP
        January 27, 2014                *Attorneys for Alan Nisselson, Trustee, Plaintiff*

                                        By:     /s/ Alan Nisselson
                                                Alan Nisselson (anisselson@windelsmarx.com)
                                                Serena M. Parker (sparker@windelsmarx.com)
                                                156 West 56th Street
                                                New York, New York 10019
                                                Telephone:    (212) 237-1000
                                                Facsimile:    (212) 262-1215