WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Trustee, Plaintiff*
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
Attorneys appearing:  Alan Nisselson (anisselson@windelsmarx.com)
   Leslie S. Barr (lbarr@windelsmarx.com)
   John Tepedino (jtepedino@windelsmarx.com)
   Serena M. Parker (sparker@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>BIG APPLE VOLKSWAGEN, LLC,<br><br>                              Debtor. | <u>Chapter 7</u><br><br>Case No.  11-11388 (RG) |
| ALAN NISSELSON, Chapter 7 Trustee of<br>BIG APPLE VOLKSWAGEN, LLC,<br><br>                              Plaintiff,<br><br>-against-<br><br>RATIBA SALIM and WAHID SALEEM,<br><br>                              Defendants. | Adv. Proc. No. 11-2251 (RG) |

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54
<u>AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7054</u>**

   **WINDELS MARX LANE & MITTENDORF, LLP**
   **156 West 56th Street**
   **New York, New York 10019**
   **Telephone (212) 237-1000**
   *Attorneys for Alan Nisselson, Trustee and Plaintiff*

{10942785:9}

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ..........................................2

   The Debtor's Bankruptcy Filing.........................................................................................2

   The Adversary Proceeding ................................................................................................3

   Plaintiff's Motion for Partial Summary Judgment on His Preference Claim and Subsequent Transfer Claims .............................................................................................3

ARGUMENT .................................................................................................................................5

   I.   PURSUANT TO 11 U.S.C. § 550(a), PLAINTIFF HAS AN ABSOLUTE RIGHT TO RECOVER THE TRANSFERS AND THE SUBSEQUENT TRANSFER .......................5

   II.   FED R. CIV. P 54(b) PERMITS ENTRY OF A FINAL JUDGMENT AT THIS STAGE OF THE PROCEEDINGS.................................................................................................7

      A.   The Memorandum Decision Granting Summary Judgment as to Plaintiff's First and Eighth Claim for Relief is Final For Purposes of Fed. R. Civ. P. 54(b).............................8

      B.   There is No Just Reason to Delay Entry of Judgment........................................................8

   CONCLUSION ...................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Bank of Lincolnwood v. Federal Leasing, Inc.,
 622 F.2d 944, 949 at n.7 (7th Cir. 1980) ............................................................................... 10

Bowne of New York City v. AmBase Corp.,
 161 F.R.D. 270, 273 (S.D.N.Y. 1995) ...................................................................................... 9

Computech Int'l, Inc. v. Compaq Computer Corp.,
 02 Civ. 2628 (RWS), 2004 U.S. Dist. LEXIS 20410, at *3 (S.D.N.Y. Oct. 12, 2004) ......... 8, 9

Curtiss-Wright Corp. v. General Elec. Co.,
 446 U.S. 1, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (U.S. 1980) ..................................................... 8, 9

Danning v. Miller (In re Bullion Reserve),
 922 F.2d 544, 547 (9th Cir. 1991) ............................................................................................ 6

Darr v. Muratore,
 8 F.3d 854, 863 (1st Cir. 1993) ................................................................................................ 9

Geron v. Palladin Overseas Fund, Ltd. (In re AppliedTheory Corp.),
 323 B.R. 838, 842 (Bankr. S.D.N.Y. 2005) .............................................................................. 9

Ginett v. Computer Task Group, Inc.,
 962 F.2d 1085, 1091 (2d Cir. 1992) ..................................................................................... 7, 9

Hirsch v. Gersten (In re Centennial Textiles),
 220 B.R. 177, 180 (Bankr. S.D.N.Y. 1998) .............................................................................. 7

Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.,
 234 B.R. 293, 312 (Bankr. S.D.N.Y. 1999) .............................................................................. 6

**STATUTES**

11 U.S.C. §101 .................................................................................................................................. 2

11 U.S.C. §544 ........................................................................................................................... 3,5,6

11 U.S.C. §547 .......................................................................................................... 1,2,3,4, 5, 6, 7

11 U.S.C. §548 ............................................................................................................................. 3,6

11 U.S.C. §549 .................................................................................................................................. 5

11 U.S.C. §550 .................................................................................................. 1, 2, 3, 4, 5, 6, 7

11 U.S.C. §551 ................................................................................................................... 3

11 U.S.C. §553 ................................................................................................................... 5

11 U.S.C. §724 ................................................................................................................... 5

28 U.S.C. § 1291 ................................................................................................................ 7

New York Debtor and Creditor Law §273 ........................................................................ 3

New York Debtor and Creditor Law §274 ........................................................................ 3

New York Debtor and Creditor Law §275 ........................................................................ 3

New York Debtor and Creditor Law §276 ........................................................................ 3

New York Debtor and Creditor Law §276-a .................................................................... 3

New York Debtor and Creditor Law §278 ........................................................................ 3

New York Debtor and Creditor Law §278 ........................................................................ 3

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7054 ...................................................................................................... 1

Fed. R. Civ. P. 54(b) ................................................................................................... passim

Alan Nisselson, ("Plaintiff" or "Trustee"), trustee for the chapter 7 estate of Big Apple Volkswagen, LLC ("Big Apple" or the "Debtor") and plaintiff in the above referenced adversary proceeding (the "Adversary Proceeding"), by his counsel, Windels Marx Lane & Mittendorf, LLP, respectfully submits this Memorandum of Law in support of his motion pursuant to Federal Rule of Civil Procedure ("Fed R. Civ. P") 54, made applicable in these proceedings by Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7054, for entry of final judgment with respect to those claims which were fully and completely adjudicated by the Court's Memorandum Decision dated March 12, 2014 (the "Memorandum Decision") (Adv. Pro. Doc. No. 45) [1] granting Plaintiff's motion for partial summary judgment dated January 27, 2014 (the "Partial Summary Judgment Motion") (Adv. Pro. Doc. Nos. 39-41).

## PRELIMINARY STATEMENT

This Court entered the Memorandum Decision granting Plaintiff's Partial Summary Judgment Motion pursuant to 11 U.S.C. §§ 547 and 550 based on the lack of any genuine dispute as to any material fact as to either: (1) the pre-petition transfers of at least $705,000 of Debtor funds to Defendant Ratiba Salim (the "Transfers"), or (ii) the subsequent transfer from Ratiba Salim to Defendant Wahid Saleem (together with Defendant Ratiba Salim, the "Defendants") of her primary residence at 8529 65th Road, Rego Park, New York, New York 11374 (the "Premises") which was freed from a mortgage through the use of Debtor funds (the "Subsequent Transfer"). See Memorandum Decision (Adv. Pro. Doc. No. 45) at 10.

Pursuant to the federal policy of prohibiting piecemeal disposal of litigation, Fed. R. Civ. P. 54(b), made applicable to these proceedings by Fed. R. Bankr. P. 7054, provides that a court

---

[1] Citations to "Adv. Proc. Doc. No. __" or "ECF Doc. No. __" refer to the location that the referenced document can be found on the Court's electronic case filing dockets for the Adversary Proceeding and the Debtor's bankruptcy case, respectively.

{10942785:9}                                1

may enter final judgment on individual claims in multiple claim actions only "if the court determines that there is no just cause for delay."

As further detailed below, Plaintiff is entitled to entry of judgment pursuant to 11 U.S.C. §§ 547 and 550, based on the Court's determination that Defendants constitute initial and subsequent transferees of the Debtor's property. Moreover, the Memorandum Decision satisfies Fed. R. Civ. P. 54(b)'s finality requirement, and there is no just reason to delay entry of final judgment for at least the following reasons: (1) the claims upon which Plaintiff seeks final judgment are not "inherently inseparable from" or "inextricably interrelated to" the remaining claims such that a reviewing court would be required to decide the same issues more than once in the event of a subsequent appeal of the remaining claims; and (2) Plaintiff (and the Debtor's estate) will be subject to undue financial hardship if final judgment is not directed, due to the inability to execute on an undisputed judgment until the remaining issues of the case are determined.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[2]

### The Debtor's Bankruptcy Filing

On March 30, 2011, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). See Debtor's Voluntary Petition for Relief (ECF. Doc. No. 1 and Nisselson Aff at ¶ 4 and Ex A ).

---

[2] The facts set forth herein are derived from the record on Plaintiff's Partial Summary Judgment Motion and the official court records of this case and related cases. The Affidavit of Alan Nisselson in Support of Plaintiff's Motion for Partial Summary Judgment sworn to on January 27, 2014 ("Nisselson Aff") and the Plaintiff's Local Bankruptcy Rule 7056-1 Statement of Undisputed Facts ("Rule 7056-1 Statement") dated January 27, 2014, provide a full recitation of the undisputed and material facts that support Plaintiff's Partial Summary Judgment Motion. See Adv. Proc. Doc. Nos. 39 and 40.

{10942785:9}                                                 2

**The Adversary Proceeding**

On June 14, 2011, Plaintiff filed a nine-count complaint (the "Adversary Complaint") pursuant to (i) 11 U.S.C. §§ 544(b), 547(b), 548 (a), 550(a) and 551 and (ii) New York Debtor and Creditor Law §§ 273, 274, 275, 276, 276-a and 278 and/or 279 seeking to: (a) avoid as fraudulent and/or preferential, the Transfers, or the value thereof, and (b) recover the Subsequent Transfer, or the value thereof. See Adversary Complaint (Adv. Proc. Doc. No. 1 and Nisselson Aff. at ¶ 14 and Ex. F).

The Adversary Complaint also contained one count seeking attachment of the Premises; however, Plaintiff separately moved for, and the Court issued (i) an *ex parte* order of attachment against the Premises pending judgment or disposition of the adversary proceeding, and (ii) an order confirming the order of attachment. See Adv. Proc. Doc. Nos. 4-11 and Nisselson Aff. at ¶ 16 and Exhibit G.

Discovery taken in the Adversary Proceeding confirmed that the initial transfer to Defendant Ratiba Salim actually consisted of at least two voidable transfers of Debtor's funds totaling $705,000 from bank accounts owned by the Debtor to a bank account owned by defendant Ratiba Salim.

**Plaintiff's Motion for Partial Summary Judgment
on His Preference Claim and Subsequent Transfer Claims**

On January 27, 2014, Plaintiff filed the Partial Summary Judgment Motion seeking summary judgment on: (1) the first claim for relief in the Adversary Complaint for avoidance and recovery of the Transfers as preferential, or the value thereof, and (2) the eighth claim for relief in the Adversary Complaint for recovery of the Subsequent Transfer, or the value thereof. See Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment ("MOL in Support of Plaintiff's Motion for Partial Summary Judgment") (Adv. Proc. Doc. No.

41). Although the Adversary Complaint pled, in the alternative, six additional counts for avoidance and recovery of fraudulent transfers pursuant to the Bankruptcy Code and the New York Debtor and Creditor Law, Plaintiff submitted that it was unnecessary to address those counts in the Partial Summary Judgment Motion, given the lack of any material disputed fact with respect to the preference claim and the Subsequent Transfer claim. As set forth above, the additional count seeking attachment of property was disposed of by separate motion.

Upon submission of the Partial Summary Judgment Motion, Defendants failed to submit any opposition thereto, and the Court found there existed "no genuine dispute as to any material fact as to either (i) the transfer of funds from Big Apple to Ratiba Salim or (ii) the subsequent transfer of the Premises, the mortgage on which had been satisfied with Debtor funds, from Ratiba Salim to Wahid Saleem (and Wahid Saleem's resulting status as an immediate transferee of Ratiba Salim)." See Memorandum Decision (Adv. Proc. Doc. No. 45) at 10. The Court further unequivocally found that:

- The Trustee is entitled to judgment as a matter of law. See Memorandum Decision (Adv. Proc. Doc. No. 45) at 10.

- The prepetition transfers at issue from Big Apple to Ratiba Salim were preferential under 11 U.S.C. § 547. Id.

- The Trustee is entitled to avoid and preserve such transfers to Ratiba Salim and shall be allowed to recover such transfers, or the value thereof, from Ratiba Salim for the benefit of the Debtor's estate. Id.

- The Trustee also is entitled, under 11 U.S.C. § 550, to avoid and recover the subsequent transfer of Debtor funds – that is, the funds transferred initially to Ratiba Salim to satisfy the mortgage on the Premises – or the value thereof, by Ratiba Salim to Wahid Saleem. Id. (emphasis added).

By Order dated and entered March 20, 2014, the Court granted the Plaintiff's Partial Summary Judgment Motion (the "March 20, 2014 Order")(Adv. Proc. Doc. No. 46). The March 20, 2014 Order ORDERED that:

- The Partial Summary Judgment Motion against Defendant Ratiba Salima on the Trustee's first claim for relief set forth in the Adversary Complaint for avoidance and recovery of the preferential Transfers of Debtor funds totaling $705,000.00 to Defendant Ratiba Salim, or the value thereof, is granted. See March 20, 2014 Order (Adv. Proc. Doc. No. 46) at 3.

- The Partial Summary Judgment Motion against Defendant Wahid Salim on the Trustee's eighth claim for relief set forth in the Adversary Complaint for recovery of the Subsequent Transfer by Defendant Ratiba Salim to Defendant Wahid Salim of her primary residence, 8529 65th Road, Rego Park, New York 11374, which was freed from a mortgage through the use of Debtor funds, or the value thereof, is granted. Id.

- The Transfers are avoided pursuant to 11 U.S.C. 547. Id.

- Pursuant to 11 U.S.C. 550, recovery of the Transfers and Subsequent Transfer, or the value thereof, against Defendant Ratiba Salim and Defendant Wahid Saleem is awarded to the Trustee. Id.

- The Adversary Proceeding shall remain open pending disposition of the other counts of the Adversary Complaint not covered by the Partial Summary Judgment Motion. Id.

For the reasons set forth in more detail below, Plaintiff respectfully submits that final judgment be granted, including (i) a money judgment in favor of the Plaintiff and against Defendants, jointly and severally, for the sum of $705,000.00; and (ii) an award of interest from the date of entry of the judgment until the date of full satisfaction of the judgment, jointly and severally, until the amount awarded is collected in full should be entered for the Plaintiff with respect to the first claim and eighth claims for relief in the Adversary Complaint.

## ARGUMENT

**I. PURSUANT TO 11 U.S.C. § 550(a), PLAINTIFF HAS AN ABSOLUTE RIGHT TO RECOVER THE TRANSFERS AND THE SUBSEQUENT TRANSFER**

As the Court has already held, Plaintiff has an absolute right to recover the Transfers and Subsequent Transfer pursuant to 11 U.S.C. § 550: [T]o the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724 (a) of this title, the trustee may recover, for the

{10942785:9}    5

benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550.

Under the avoidance and recovery scheme enacted by Congress under sections 547 and 550 of the Bankruptcy Code, it is the initial transfers made by a debtor of its property that are avoided. After establishing that the initial transfer is avoidable, a trustee may recover from the initial transferee, or any subsequent transferee in the chain.[3] The trustee's right to recover from an initial transferee is absolute. See Danning v. Miller (In re Bullion Reserve), 922 F.2d 544, 547 (9th Cir. 1991)(emphasis added); cf. Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc., 234 B.R. 293, 312 (Bankr. S.D.N.Y. 1999) (liability to estate of initial transferee is absolute).

In the instant case, the Court unequivocally determined that:

- There was no genuine dispute as to any material fact as to either (i) the transfer of funds from Big Apple to Ratiba Salim or (ii) the subsequent transfer of the Premises, the mortgage on which had been satisfied with Debtor funds, from Ratiba Salim to Wahid Saleem (and Wahid Saleem's resulting status as an immediate transferee of Ratiba Salim)." See Memorandum Decision (Adv. Proc. Doc. No. 45) at 10.

- The Trustee is entitled to judgment as a matter of law. Id.

- The prepetition transfers at issue from Big Apple to Ratiba Salim were preferential under 11 U.S.C. § 547. Id.

---

[3] *See* 11 U.S.C. § 544 ("The Trustee … may avoid any transfer of property of the debtor …");
§ 545 ("The Trustee … may avoid the fixing of a statutory lien on property of the debtor …");
§ 547 ("The Trustee may avoid any transfer of an interest of the debtor in property …"); § 548 ("The Trustee may avoid any transfer…of an interest of the debtor in property …").

{10942785:9}    6

- The Trustee is entitled to avoid and preserve such transfers to Ratiba Salim and shall be allowed to recover such transfers, or the value thereof, from Ratiba Salim for the benefit of the Debtor's estate. <u>Id.</u>

- The Trustee also is entitled, under 11 U.S.C. § 550, to <u>avoid and recover</u> the subsequent transfer of Debtor funds – that is, the funds transferred initially to Ratiba Salim to satisfy the mortgage on the Premises – or the value thereof, by Ratiba Salim to Wahid Saleem. <u>Id.</u> (emphasis added).

Thus, Plaintiff has an absolute right to recover the Transfers and Subsequent Transfer pursuant to 11 U.S.C. § 550 based on the Court's determination that Defendants constitute initial and subsequent transferees of voided transfers of the Debtor's property.

## II. FED R. CIV. P 54(b) PERMITS ENTRY OF A FINAL JUDGMENT AT THIS STAGE OF THE PROCEEDINGS

Fed. R. Civ. P. 54(b) permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." <u>See</u> Fed. R. Civ. P. 54(b); <u>Ginett v. Computer Task Group, Inc.</u>, 962 F.2d 1085, 1091 (2d Cir. 1992).

"To have a 'final judgment' under Rule 54(b), (1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the court must make an express determination that there is no reason for delay and expressly direct the clerk to enter judgment." <u>Hirsch v. Gersten (In re Centennial Textiles)</u>, 220 B.R. 177, 180 (Bankr. S.D.N.Y. 1998)(<u>citing</u> <u>Ginnett</u>, 962 F.2d at 1091. Factor (1) is indisputable here, as Plaintiff has sued multiple parties on multiple claims in connection with his nine-count Adversary Complaint against Defendants. The Memorandum Decision satisfies Fed. R. Civ. P. 54(b)'s finality requirement, and there is no just reason to delay entry of final judgment.

{10942785:9}  7

A. **The Memorandum Decision Granting Summary Judgment as to Plaintiff's First and Eighth Claims for Relief is Final For Purposes of Fed. R. Civ. P. 54(b)**

When deciding to enter judgment under Fed. R. Civ. P. 54(b), "[a] district court must first determine that it is dealing with a 'final judgment.'" See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (U.S. 1980)(citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1956). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright 446 U.S. at 7; see also Computech Int'l, Inc. v. Compaq Computer Corp., 02 Civ. 2628 (RWS), 2004 U.S. Dist. LEXIS 20410, at *3 (S.D.N.Y. Oct. 12, 2004)(citing Ginnett, 962 F.2d at 1092) (internal citations and quotation marks omitted)("[a] claim is deemed finally decided 'if the decision ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment entered on that claim.'" )

Here, the unequivocal language of the Memorandum Decision clearly disposes of all aspects of the Plaintiff's first and eighth claims for relief, yet is determinative of fewer than all claims asserted in the Adversary Complaint, and all that the Court has left to do is enter judgment.

B. **There is No Just Reason to Delay Entry of Judgment**

Having found finality, the certifying court must make an express finding that there is no just reason to delay entry of judgment and give its reasoning. In making this determination, "a district court must take into account judicial administrative interests as well as the equities involved. Curtiss-Wright, 446 U.S. at 8. "Administrative interests" include "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of

the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.  The Second Circuit has held that "only those claims 'inherently inseparable' from or 'inextricably interrelated' to each other" are not appropriate for final summary judgment under Rule 54(b). Ginett, 962 F.2d at 1096.  In assessing the equities, a court can consider factors including whether a delay in entering judgment will cause financial hardship to either party. See Computech, 2004 U.S. Dist. LEXIS 20410 at *11 (court may take into account whether a delay in entering judgment will cause financial hardship to either party); Bowne of New York City v. AmBase Corp., 161 F.R.D. 270, 273 (S.D.N.Y. 1995)(same); Darr v. Muratore, 8 F.3d 854, 863 (1st Cir. 1993)("[A] demonstration of clear injustice or hardship resulting from delaying a final judgment on a particular question may justify certification.")

None of these factors militate towards delay in this case.  "Inextricably intertwined" refers to the sort of claims so interrelated that on appeal, the appellate court would necessarily have to reach the merits of one or more of the claims not appealed and/or the trial court's disposition of one or more of the remaining claims could render the appellate court's opinion advisory or moot.  See Ginett, 962 F.2d at 1095.  Should this Court direct entry of judgment on Plaintiff's first and eighth claims for relief, the remaining claims asserted in the Adversary Complaint to avoid and recover fraudulent transfers under the Bankruptcy Code and New York Debtor and Creditor Law involve different factual elements for proof than is required for the preference claim and Subsequent Transfer claim that the Court has already adjudicated, and can be decided independently from them. See generally Geron v. Palladin Overseas Fund, Ltd. (In re AppliedTheory Corp.), 323 B.R. 838, 842 (Bankr. S.D.N.Y. 2005) ("[a] preferential transfer does

not constitute a fraudulent conveyance"). Thus, a reviewing court will not be subject to multiple, duplicative considerations of the matters that plaintiff seeks to certify by this motion.

Moreover, here, where the liability of Defendants is uncontested, and there is no question that the $705,000 is to be recovered from Defendants by the Debtor's estate, the equities weigh in favor of granting Plaintiff a final judgment on the relevant claims. Waiting until the remaining issues are resolved would subject Plaintiff (and the Debtor's estate) to undue financial hardship, including, but not limited to: (1) the fact that the process of collecting upon an adjudicated claim can only commence after a final judgment has been entered; and (2) that interest on an adjudicated claim for money generally only accumulates upon the entry of a final judgment. See Bank of Lincolnwood v. Federal Leasing, Inc., 622 F.2d 944, 949 at n.7 (7th Cir. 1980).

The just economic interest in the prompt entry of a final enforceable judgment is a factor that trial courts can properly consider. See Lincolnwood, 622 F.2d at 951. An important function of a 54(b) certification is that the entry of judgment permits prompt execution. Id. When no substantial reason appears why a litigant should not be entitled to collect upon a claim adjudicated in its favor immediately, the appellate courts will sustain the entry of judgment upon that claim by the trial court. Id. (citing cases).

Here, a denial of a final and enforceable judgment deprives Plaintiff of the immediate use of the funds and is unwarranted given the lack of any just cause for delay as set forth above. There is little reason to believe the issue of liability will be mooted by future events. Certifying this partial summary judgment under Rule 54(b) could also promote resolution of the Debtor's estate. Once a judgment is final, collection of amounts owed to the estate by the Defendants should take place as rapidly as possible, in order to reach the goal of paying dividends to

creditors to the extent possible. The Trustee can proceed with collection, or Defendants will have to provide security pending appeal; but in either case, the Debtor's estate and allowed claimants will benefit. The alternative of allowing Defendants, who have been determined to be liable, to escape payment while the rest of the issues are being resolved is far less desirable.

## CONCLUSION

For the reasons set forth below, Plaintiff respectfully requests that the Court enter final judgment pursuant to Fed. R. Civ. P. 54(b) as to his first and eighth claims for relief set forth in the Adversary Complaint and previously adjudicated by the Memorandum Decision, including (i) a money judgment in favor of the Plaintiff and against Defendants, jointly and severally, for the sum of $705,000.00; and (ii) an award of interest from the date of entry of the judgment until the date of full satisfaction of the judgment, jointly and severally, until the amount awarded is collected in full.

Dated: New York, New York
April 15, 2014

Respectfully Submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Trustee, Plaintiff*

By:    /s/ Alan Nisselson
Alan Nisselson (anisselson@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone:    (212) 237-1000
Facsimile:    (212) 262-1215